William Jefferson, by will bearing date in August, 1835, bequeathed to Paynter Jefferson one-third of the ground rents of certain lots, situate in the village of "Washington, Sussex county. These lots were let out on perpetual ground rent leases, the rent due and payable on the 1st of January annually. After the death of William Jefferson, his three children received the ground rents in common, until the 1st of January, 1839, when they made partition by deed dated that day, and this particular lot held by John H. Burton, was allotted to Paynter Jefferson, the defendant. This distress was for the rent of 1838, which fell clue the 1st of January, 1839, and the questions were — 1st. Whether P. Jefferson could alone distrain for the rent of 1838, as the alienee under the partition deed. 2d. Whether this deed did in fact sever the tenancy in these ground rents, there being no words of conveyance, Trot merely an agreement to divide.
The deed was between Paynter Jefferson and Thomas P. Jefferson, and witnessed "that the said Paynter Jefferson and Thomas P. Jefferson have divided the ground rent, of lots situate in the village of Washington, Delaware, according to the following order, viz: Paynter Jefferson is to have, collect, receive and enjoy all the ground rents from W. D. W., John H. Burton, c., c., which the aforesaid P. Jefferson is to have, him the said P. Jefferson, his heirs and assigns forever, free and clear from him, the said Thomas P. Jefferson, his executors, administrators and assigns;" (and a similar agreement on the part of Paynter Jefferson.) *Page 270 
 The Court thought that this was a mere agreement to convey, and did not sever the tenancy in common; even if it was in time to include the rent of 1838, which was doubtful.
The plaintiff had a verdict, subject to the opinion of the court on these questions after argument; but the defendant did not again stir the matter.